*215 . OPINION úf the Court, by
Ch. J. Boyle
This was an action upon the case, for diverting the water of a certain stream from running in its usual and ancient course to the plaintiff’s mills, which he alleges were established according to law, and of which he was rightfully possessed. defendant pleaded not guil- *216 tyj Ón the trial, the plaintiff having produced the re-» cord of the proceedings and order of the Lincoln county court, giving him leave to erect his mills and dam four feet six inches high, and having proved by a witness the dinging of a canal by the defendant to divert tn'a V7ater *ro‘n plaintiffs aims, me defendant at-temp,ted to examine the witness, to shew that the land tm!>racing the canal belonged to the defendant ; that the dam was more titan four feet six inches high ; that in consequence of such excessive height of the dam, the improvements of the defendant were overflown ; that to * * convey olf his improvements the water so overflowing them, the canal was dug, and that the canal, as made, ,lVOU|(] not prejudice the mills with such a dam as was authorised by tile order establishing it. List any testt-monv of this kind was objected to by the plaintiff, and tjle court prohibited the testimony from going to the , their opinion inadmissible evident upon j L‘ * y ? the general issue. To this opinion of the court the de-fenc¡ant exceptcd, and a verdict and judgment having1 . 1 . . . , . , ⅞, - » been given against him, ne has appealed to this court.
veitim'hewa' ur'"torn plain, tiff’s mili, ne-fendant .,may give cviclcpcc on the general issue that the dam was h-gii-by the ouier ot eourt grantmg leave to build to bulM it, whereby defendani’s improvements were ovciffow-ed, and that defendant dug the canal on his own land to iec oiT the iwrpius water backed by the exec.» m the heighm
Damages are recoverable up to the impetra non of the writ, not to the filing of the de. daranon, md contmuanao the don, is ill. muí the filing of the
The principal question in this case respects the ad-nitssib11 itv of the testimony offered by the defendant . - . , - f J and rejected by the court beiow»
With respect to evidence admissible upon the genera{ ¡SSIU, there is a clear distinction recognized by all the boohs oí aüínunty, between actions or trespass vi et armis, and actions upon the case, as this was. In the former, any special matter of justification must be ’ t I . J , . pleaded, and cannot be given m evidence upon the general issue ; but in the latter the plaintiff is obliged tQ state jn substance the whole circumstances of his circumstances case in his declaration, and can only recover upon the and equity of his whole case. Whatever will, therefore, in equity and justice, according to the circumstances of the case, bar the plaintiff’s recovery, may be given in evidence by the defendant upon the general issue — See 2 Stra. 872, 1 Wils. Rep. 44-5, 174-5, Peak’s Ev. 284-5, and 3 Bur. 1353.
It is a fundamental principle ot moral and social justice, that no one shall exercise his rights to the injury of another. Tiifrjnundalion of the defendant’s improvements, by the erection of the plaintiff’s nailldam to a height beyond what was authorised by the order *⅛« *217 In tabbshlng it, was a manifest violation of this principle, and a nuisance to the defendant, which be had a right peacefully to remove, provided however he did not in so doing transgress the bound» of a bare removal or abatement of the , nuisance., and molest she plaintiff in the lawful exercise of his rights. Evidence of these circumstances was clearly admissible under the general issue, and the court below cried in rejecting it. Several objections are made to the declaration, one of which seems to merit attention. The declaration charges the f continuance of the injury to the plaintiff until the time / when the declaration was filed, whereas the plain tiff inf this action could legally recover only for damages hej had sustained up to the commencement of the suit/ which in this case was the emanation of the writ, other respects the declaration is correct.
Judgment reversed, the verdict of the jury set aside, and the cause remanded for new proceedings to be had therein not inconsistent with the foregoing opinion, Sec.